Eastern District of Kentucky
FILED
JUL 06 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-122-GWU

RICKY HAYNES,                                                     PLAINTIFF,

VS.                       **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

## INTRODUCTION

The plaintiff originally brought Haynes v. Apfel, London Civ. Action No. 98-622 (E.D. Ky.) to obtain judicial review of a decision terminating Supplemental Security Income (SSI) benefits (Tr. 12-20) that had originally been awarded in 1995. After this Court remanded the case for further consideration (Tr. 373-380), another negative agency decision was issued (Tr. 465-474) on the termination issue as well as a new SSI application. The appeal was then redocketed in federal court under Haynes v. Barnhart, London Civil Action No. 00-510 (E.D. Ky.) after which the undersigned again remanded the case (Tr. 495-503). The case has now been redocketed under the above-styled action after another agency denial (Tr. 450-460) and is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

On March 29, 1996, Congress enacted Pub. L. No. 104-121 (1996) which barred a finding of disability if drug addiction or alcoholism is "a contributing factor

1

Haynes

material to" the determination of disability. Pub. L. No. 104-121 §105(a)(1). It also required that disability benefits based upon substance abuse disorders be terminated as of January 1, 1997. Pub. L. 104-121 §105(b)(5)(A).

Nonetheless, a claimant's benefits need not be terminated if he could be found disabled <u>otherwise</u> under the standard disability analyses provided by the Sixth Circuit Court of Appeals:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 CFR 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 CFR 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 CFR 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 CFR 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 CFR 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not

2

Haynes

> disabled. If no, proceed to Step 7. See 20 CFR 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 CFR 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and

3

Haynes

Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 CFR Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's

4

Haynes

instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 CFR 416.965(a) and 20 CFR 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

5

Haynes

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . .

6

manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Court incorporates the discussion in the undersigned's Memorandum Opinion of March 3, 2000 indicating that the plaintiff's entitlement to benefits was properly subject to review under the terms of Publ. L. 104-121.

The Court had first remanded the case as the only mental restriction included in the hypothetical question was little beyond a limitation to "simple routine work", consistent with non-examining Medical Reviewer Lea Perritt but not with opinions of examiners such as James Liesenring. (Tr. 379-380). The second Court remand

7

Haynes

was felt necessary as only one job category had been identified by the second vocational expert (VE) which included the mental restrictions and low literacy actually found by that second administrative law judge (ALJ) and even that job category was problematic, given the plaintiff's photophobia. (Tr. 502-503).

In the most recent ALJ decision, he determined that Haynes had no exertional restrictions (Tr. 457). Non-exertional restrictions included (1) a limited use of the right hand in reference to grasping and pushing/pulling, and (2) a "seriously limited but not precluded" ability to handle detailed and complex instructions (Tr. 457).[1] The VE testified that a significant number of compatible jobs would exist. (Tr. 605). The key is whether this adequately depicts Haynes' functional capacity as of the time frame appropriate to the chosen 1997 termination date and then for his new 1998 SSI application.[2]

The factors presented to the VE adequately took into account Haynes' physical status. Examining Physician A. Dahhan indicated that the plaintiff had no other medical problems, other than right hand difficulties involving the manipulation or making a fist, during the relevant period (Tr. 402). While Hughes Helm ascribed greater limitations (Tr. 541), he was not entitled to greater weight as Dahhan and

---

[1]Although no non-exertional limitations were found (Tr. 459), the current VE identified jobs which he stated were at the light level (Tr. 605).

[2]The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date. Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993).

Haynes

other evidence after Dahhan's 1999 statement indicates that the plaintiff was preparing his own meals, pitching horseshoes (Tr. 573), had attempted to return to work (Tr. 545), paid bills in person (Tr. 549), and walked one-half mile a day, including to the post office (Tr. 548-549). None of this suggests great physical limitations.

The mental restrictions considered were also sufficient. The newly-submitted information from Examiner Fitz (Tr. 604) essentially rules out anything other than those involving complex or detailed instructions, and the current VE made it clear that he had assumed functional illiteracy (Tr. 608). Moreover, the hypothetical question posed at a prior hearing, once flawed prior to the addition of Examiner Fitz' assessment, can now be said provide a number of additional jobs to buttress the ALJ's decision (Tr. 73-74).

The plaintiff's argument regarding a failure to provide one particular report as background information to Fitz and that his literacy level was not considered do not amount to reversible error for the reasons stated in the defendant's brief at pp. 12-13 and 19.

The decision to terminate benefits will be affirmed.

This the ___6___ day of July, 2005.

_____
G. WIX UNTHANK